**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

**Case No.: 4:25-cv-3506**

**JAMES ARTHUR COOKS JR.,**
*individually and on behalf of all*
*others similarly situated,*                                          **CLASS ACTION**

      Plaintiff,                                                      **JURY TRIAL DEMANDED**

**v.**

**RECEIVABLES MANAGEMENT**
**PARTNERS, LLC D/B/A RMP SERVICES,**
**LLC,**

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff James Arthur Cooks Jr. ("Plaintiff") brings this class action against Receivables Management Partners, LLC d/b/a RMP Services, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE CLAIM

1.      This is a putative class action arising from Defendant's violations of the TCPA.

2.      Defendant places unsolicited telephone calls utilizing an artificial and/or prerecorded voice.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

5.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's tortious conduct against Plaintiff occurred within this District and, on information and belief, Defendant has sent the same prerecorded messages complained of by Plaintiff to other individuals within this District, such that some of Defendant's acts in making such calls have occurred within this District.

## PARTIES

6.      Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Brazos County, Texas.

7.      Defendant is a Delaware corporation with its headquarters located in Indianapolis, Indiana.

8.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

9.      On or about April 8, 2025, Defendant placed a call using a prerecorded voice message to Plaintiff's cellular telephone number ending in 7788 (the "7788" Number"). During the call, Defendant played a prerecorded voice message identifying Receivables Management Partners, LLC d/b/a RMP Services, LLC and advised that the call is from a debt collector and requested that Plaintiff

return the call.  The message used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call.

10.    Overall, between April 8, 2025, and May 30, 2025, Defendant placed approximately two (2) prerecorded voice calls to the 7788 Number.

11.    When Plaintiff listened to the prerecorded voice calls, he was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message").

12.    Indeed, the above-mentioned calls received by Plaintiff utilized a recording of a generic sounding voice.

13.    Plaintiff received the subject calls with a prerecorded voice within this District and, therefore, Defendant's violation of the TCPA occurred within this District. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this District.

14.    At no point in time did Plaintiff provide Defendant with their consent to be contacted with a prerecorded call.

15.    Plaintiff is the subscriber and sole user of the 7788 Number and is financially responsible for phone service to the 7788 Number.

16.    Defendant's unsolicited prerecorded call caused Plaintiff and the Class members actual harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

3

## CLASS ALLEGATIONS

### PROPOSED CLASS

17.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of

Plaintiff and all others similarly situated.

18.     Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant.**

19.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are

learned in further investigation and discovery.

20.     Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

21.     Defendant has placed automated and/or prerecorded calls to cellular telephone numbers

belonging to at least 50 consumers throughout the United States without their consent.  The members

of the Class, therefore, are so numerous that joinder of all members is impracticable.

22.     Identification of the Class members is a matter capable of ministerial determination

from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

23.     There are numerous questions of law and fact common to the Class which predominate

over any questions affecting only individual members of the Class.  Among the questions of law and

fact common to the Class are:

> a.    Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;
>
> b.    Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

4

   c.   Whether Defendant's conduct was knowing and willful;

   d.   Whether Defendant is liable for damages, and the amount of such damages; and

   e.   Whether Defendant should be enjoined from such conduct in the future.

24.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

   <u>TYPICALITY</u>

25.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

   <u>ADEQUACY</u>

26.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

27.     Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

   <u>PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE</u>

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class

resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF THE TCPA
### (On Behalf of Plaintiff and the Class)

30.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

32.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

33.     Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

34.     Defendant did not have prior consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

35.     Defendant has, therefore, violated §§ 227(b)(1)(A)(iii) and 64.1200(a)(1)(iii) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

36.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

37.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. 47 U.S.C. § 227(b)(3). Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease its conduct in placing prerecorded calls in violation of the TCPA; and

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: July 29, 2025

Respectfully Submitted,

/s/ Zane C. Hedaya
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*